IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**SHANE BEHRENS**,

    Plaintiff,

        v.

**SMITH & GREAVES, LLP**,

    Defendant.

No. 3:11-cv-01225-MO

OPINION AND ORDER

**MOSMAN, J.**,

    Shane Behrens filed this suit on October 11, 2011, seeking damages from Smith & Greaves, LLP under the Fair Debt Collection Practices Act ("FDCPA"). He accepted an offer of judgment on November 14, 2011, and now seeks $4,732.00 in attorney fees and $396.00 in costs [14][17]. Defendant also filed a motion for attorney fees [10].

## DISCUSSION

    Plaintiff's counsel, Mr. Joshua Trigsted, mailed defendant two letters in August of 2011, and settlement discussions began. Defendant's counsel, Mr. Bruce Schafer, offered $1,000 to settle the claim, plus "reasonable attorney fees." (Schafer Decl. [13] Ex. D). Plaintiff's counterproposals included an offer to settle the dispute for $2,500 total, $1,500 of which would be for fees. In response, defendant did not disclose a specific amount of fees it was willing to pay, instead asking for documentation supporting the $1,500 fee figure. Plaintiff rejected that request,

1 – OPINION AND ORDER

citing "policies and ethical obligations concerning attorney-client confidentiality." (*Id.*). Defendant responded that, without seeing Mr. Trigsted's records and his fee arrangement with Mr. Behrens, it was impossible to evaluate whether $1,500 was a "reasonable" amount of fees. (*Id.*). Plaintiff then sued and accepted an offer of judgment from defendant, which awarded $1,000 to Mr. Behrens, "together with plaintiff's reasonable attorney fees and costs, in an amount to be mutually agreed to by the parties, but if unable to agree, to be determined by the court." (Judgment [9] 1). Apparently unable to agree, the parties have now both moved for fees.

## I.   Plaintiff's Motion for Fees

15 U.S.C. § 1692k(a)(3) provides that "in the case of any successful action" under the FDCPA, the defendant is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." This language "makes an award of fees mandatory." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008). In determining what amount is "reasonable," courts first "calculate the 'lodestar figure' by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). Then courts evaluate the factors discussed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67 (9th Cir. 1975), that were not already subsumed in the lodestar calculation. *Id.*

### A.   *Lodestar Calculation*

#### 1.   Reasonable Hourly Rate

The burden is on the party seeking fees to show "the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are

satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990).

Mr. Trigsted seeks $250 per hour for his own work.[1] He provides declarations from three colleagues, a 2008 Consumer Law Attorney Fee Survey, and the *Laffey* matrix. I agree with Magistrate Judge Stewart that these materials do not meet Mr. Trigsted's burden. *See Daley v. A&S Collection Assocs., Inc.*, 09-946-ST, 2010 WL 5137834, at *3–4 (D. Or. Dec. 10, 2010). The declarants neither practice law in this district nor claim to know hourly rates charged here. The *Laffey* matrix is related to the District of Columbia, not the District of Oregon. *See Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) ("[J]ust because the *Laffey* matrix has been accepted in the District of Columbia does not mean that it is a sound basis for determining rates elsewhere, let alone in a legal market 3,000 miles away."). The 2008 Consumer Law Section Hourly Rate Survey does not break down hourly rates by years of experience and the "average" consumer law attorney, according to this survey, has 11–13 years of experience and is not devoted to a specific area of law, which does not describe Mr. Trigsted.

The Oregon State Bar Economic Survey (the "OSB Survey") is commonly used as an "initial benchmark" for determining reasonable rates in this district. *Toth v. INA Life Ins. Co. of New York*, 08-653-JE, 2010 WL 170260, at *6 (D. Or. Jan. 13, 2010) (quoting *Roberts v. Interstate Distrib. Co.*, 242 F. Supp. 2d 850, 857 (D. Or. 2002)). Based on the OSB Survey, Magistrate Judge Stewart and Judge Brown recently concluded Mr. Trigsted's reasonable hourly rate should be approximately $175. *Thompson v. LVNV Funding, LLC,* 10-1042-BR, 2011 WL 846858, at *4 (D. Or. Mar. 9, 2011) (finding reasonable hourly rate to be $178.00, based on the 2007 OSB Survey rate for attorneys with commensurate experience, adjusted for inflation); *Daley*, 2010 WL

---

[1] He also seeks $120 per hour for a paralegal. Defendant does not contest the paralegal rate. I find it is high, but not necessarily unreasonable, and will use it for the fee calculation.

3 – OPINION AND ORDER

5137834, at *5 (finding reasonable hourly rate to be $175.00, based on the 2007 OSB Survey). I likewise reject Mr. Trigsted's proposed rate and will use $175 per hour instead, based on the OSB Survey and these prior decisions setting his rate. Mr. Trigsted has not adequately explained why I should deviate from the base rates that the OSB Survey provides for attorneys with commensurate experience.[2]

### 2. Hours Reasonably Expended

Mr. Trigsted claims he reasonably expended 17.2 hours and that his assistant reasonably expended 3.6 hours. I begin with Mr. Trigsted's figure, but reduce it for several reasons.

First, Mr. Trigsted seeks fees for time spent adjusting his calendar and "adding contacts." Based on a review of his records, I deduct 0.6 hours for these tasks. Second, as explained above, the declarations from Mr. Trigsted's colleagues, the *Laffey* matrix, and the 2008 Consumer Law Attorney Fee Survey do not support his requested hourly rate, as Magistrate Judge Stewart previously explained to him. Nevertheless, he apparently spent at least 1.8 hours preparing those materials. Third, it appears he spent other time preparing the fee request that was not reasonable. He spent at least 6.8 hours on the fee request, which is more than a third of his total time on this case. And almost four pages of his memorandum address the basic and undisputed threshold point that he is entitled to fees under the FDCPA. While the billing records he submitted do not allow precision, I deduct 3.0 additional hours as not reasonably necessary to prepare his fee petition. Thus, I deduct 5.4 total hours of attorney time from the request.

Defendant argues I should not award any fees incurred after the settlement discussions because it was unreasonable for plaintiff to refuse to provide billing records after offering to settle the fee dispute for $1,500. According to defendant, providing those records could have avoided

---

[2] Mr. Trigsted also does not dispute defendant's contention that he recently billed $175.00 per hour in a case in another district.

the need for a lawsuit. I agree that filing this lawsuit could have—and probably should have—been avoided.[3] However, I do not agree that the blame falls entirely on plaintiff. Defendant never provided plaintiff with the amount of fees it deemed "reasonable" and insisted it could not do so without seeing documentation. Yet defendant has not explained why it could not come to an independent estimate of a "reasonable" amount of fees, or why it could not identify a dollar amount it was willing to pay. And, having now seen Mr. Trigsted's bills, defendant all but acknowledges it would not have paid the $1,500 request no matter what the billing records showed. (Def.'s Obj. [18] 3) (explaining that defendant would have paid fees for the number of hours billed by Mr. Trigsted pre-suit, but not at Mr. Trigsted's claimed hourly rates). Thus, while Mr. Trigsted should have done more before filing a lawsuit to resolve a fee dispute, it is not clear that filing suit was unreasonable.[4]

### B.    *Kerr* Factors

Having determined a reasonable hourly rate and the hours reasonably expended, I next consider whether the following factors suggest a further enhancement or reduction:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr*, 526 F.2d at 70. The parties have not addressed these factors and I find the factors that are not already adequately incorporated into the analysis above do not warrant variance from the

---

[3] Plaintiff has not adequately explained why documenting his fees prior to suing was problematic. His pre-suit emails mention confidentiality issues. But he could have talked to his client about such concerns and could have solved them by providing defendants with a summary of his billing or redacted records. Moreover, based on a review of the bills Mr. Trigsted submitted, it is hard to imagine what confidential matters he was worried about disclosing.
[4] I also reject defendant's argument that I should deny plaintiff's motion based on a failure to confer.

5 – OPINION AND ORDER

lodestar analysis. Accordingly, I award plaintiff fees for 11.8 hours of attorney time at $175 per hour and 3.6 hours of paralegal time at $120 per hour, for a total award of $2,497.00.

## II.   Defendant's Motion for Fees

Defendant argues it should recover $420.00 in fees incurred responding to the complaint because this lawsuit was unnecessary. As explained above, it is not sufficiently clear that filing this case was unreasonable. I therefore decline to further consider this request and deny defendant's motion.

## III.   Plaintiff's Bill of Costs

Defendant's only objection to plaintiff's bill of costs is that plaintiff should not have filed this suit. Again, I reject that argument and award plaintiff $396.00 in costs.

## CONCLUSION

For the foregoing reasons, I GRANT IN PART plaintiff's Motion for Attorney Fees [14] and award plaintiff $2,497.00 in fees. I GRANT plaintiff's Bill of Costs [17] and award plaintiff $396.00 in costs. I DENY Defendant's Motion for Attorney Fees [10].

IT IS SO ORDERED.

DATED this   22nd   day of February, 2012.

/s/ Michael W. Mosman
MICHAEL W. MOSMAN
United States District Court

6 – OPINION AND ORDER